IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

EMPLOYERS MUTUAL CASUALTY
COMPANY                                                    PLAINTIFF

            v.                Civil No. 05-5026

DEAN INVESTMENTS, INC., an
Arkansas Corporation, and
LARRY DEAN                                                 DEFENDANTS

                          **O R D E R**

Now on this 22nd day of September, 2005, comes on to be considered **Defendants' Motion to Dismiss, or in the Alternative, to Abstain from Exercising Jurisdiction over this Matter (Doc. 4).** The Court, being well and sufficiently advised, finds and orders as follows with respect thereto:

1.    Defendants, construction contractors, are the named insureds under a commercial general liability insurance policy issued by plaintiff.

2.    On or about September 15, 2004, Karen and Katherine Sykes ("the Sykes") filed suit against defendants in the Circuit Court of Benton County, Arkansas. The Sykes asserted breach of contract and other claims against defendants arising out of defendants' construction of a residence for the Sykes.

3.    On February 15, 2005, plaintiff filed the instant action in this Court, seeking a declaratory judgment that no coverage exists for the claims at issue in the state-court action and that it has no duty to defend defendants in the state-court action.

Plaintiff is apparently representing defendants at this time under a reservation of rights. In the motion now before the Court, defendants argue that the Court should dismiss this action or, in the alternative, abstain from exercising jurisdiction over it pending the outcome of the state-court proceedings.

4. District courts have discretion to dismiss or stay an action for declaratory judgment. <u>See Wilton v. Seven Falls Co.</u>, 515 U.S. 277, 288 (1995). The district court must consider the scope and nature of the pending state-court proceeding to ascertain whether the issues in controversy between the parties to the federal action can be better settled by the state court. <u>See Brillhart v. Excess Ins. Co.</u>, 316 U.S. 491, 495 (1942); <u>Wilton</u>, 515 U.S. at 282; <u>Capitol Indemnity Corp. V. Haverfield</u>, 218 F.3d 872, 874 (8th Cir. 2000). If so, the district court must dismiss or stay the federal action because "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." <u>Brillhart</u>, 316 U.S. at 495.

5. In its complaint for declaratory judgment, plaintiff asserts, inter alia, that under the terms of the policy, there is no coverage "when, as alleged in the Sykes' Complaint, [defendants] failed to complete all of the work called for in the construction contract and abandoned the job." (Doc. 1 ¶ 16.) As

pointed out by defendants, whether they failed to complete the work and abandoned the job and, thus, breached the construction contract, "is an issue at the very heart of the state law matter." (Doc. 7 at pg. 2.) A stay of a declaratory judgment action is appropriate when the coverage question turns on facts to be litigated in the underlying action to avoid inconsistent factual determinations. <u>See Wells Dairy, Inc. V. Travelers Indemnity Co.</u>, 241 F. Supp.2d 945, 976 (N.D. Iowa 2003).

The fact that plaintiff is not a party to the state court action does not render a stay inappropriate, as Rule 24 of the Arkansas Rules of Civil Procedure allows for intervention when there is a common question of law or fact, and plaintiff has articulated no reason why it has not or could not utilize this procedure to protect its interests. Accordingly, the Court finds that this action should be stayed pending resolution of the underlying state-court action. <u>See Haverfield</u>, 281 F.3d at 875 n.2 (stay rather than dismissal is the preferred mode of abstention where the possibility of a return to federal court remains).

6. Based on the foregoing, **Defendants' Motion to Dismiss (Doc. 4)** is **DENIED**, but **Defendants' Alternative Motion to Abstain from Exercising Jurisdiction over this Matter (Doc. 4)** is **GRANTED** and this action is hereby administratively terminated. Upon

conclusion of the state-court proceedings, the parties may move to reopen the action.

IT IS SO ORDERED.


/S/JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE